UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Robert Garcia,

               Plaintiff,

    v.

Washington County Department
of Housing Services et al.,

               Defendants.

No. CV 05-1780-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Robert Garcia, a disabled Section 8 voucher holder, brought this action pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794, claiming he was unlawfully denied a reasonable accommodation because he was not allowed to use his voucher at a house owned by his brother. Before the court is defendant Washington County Department of Housing Services' (WCDHS) Rule 12(b)(6) motion to dismiss. WCDHS argues that Mr. Garcia's claims arising under the FHA and RA should be dismissed for two reasons: (1) the FHA and RA do not provide a private right of action against state or local housing agencies; and (2) WCDHS was mandated to comply with HUD regulations and, as a result, it has no power or authority to accommodate Mr. Garcia. The law supports neither argument. WCDHS also offers a motion to strike plaintiff's claims for compensatory damages and attorney fees. For the reasons that follow, this court denies WCDHS's motion to dismiss and motion to strike.

PAGE 1 - OPINION AND ORDER

I.    BACKGROUND

Robert Garcia suffers from schizoaffective disorder and other related disabilities. He began receiving rental assistance by way of a Section 8 voucher in 1994. Mr. Garcia was allowed to continue using this voucher when he moved into a home owned by his brother in 1997. The voucher is Mr. Garcia's only means by which he can compensate his brother for his housing and care. Mr. Garcia claims that rental assistance is necessary because without it his brother cannot afford to let Mr. Garcia reside in his home and under his care, and Mr. Garcia, though he needs a caregiver, does not have the resources to obtain one. However, the assistance was terminated by WCDHS on December 1, 2005 at the direction of U.S. Housing and Urban Development ("HUD") pursuant to 24 C.F.R. § 982.615(b)(3), which prohibits usage of a housing voucher at a dwelling owned by a person related by blood where the relative also resides in the dwelling. Mr. Garcia submitted a request for accommodation so that he could continue to live with his brother and receive assistance, but HUD denied this request. Mr. Garcia contends that this denial was the result of two letters sent by WCDHS to HUD recommending that HUD deny Mr. Garcia's request for accommodation. Additionally, Mr. Garcia alleges that WCDHS intentionally failed to enter into a dialogue or interactive process with him to determine whether any alternative means to accommodate his disability existed. Thus, Mr. Garcia claims that WCDHS failed to reasonably accommodate his disability.

II.    LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim, "the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "[T]he

Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rather, a complaint need only provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. Accordingly, "[a] motion to dismiss for failure to state a claim may not be granted unless it appears beyond doubt that the [nonmovant] can prove no set of facts in support of his claim which would entitle him to relief." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000) (internal quotation omitted). However, in reviewing the sufficiency of the complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Nonetheless, conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

This standard is not altered in cases involving claims under the FHA or the RA. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) ("heightened pleading standard[s] in employment discrimination cases conflict[] with Federal Rule of Civil Procedure 8(a)(2)"); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1062 (9th Cir. 2004) ("*Swierkiewicz*['s] . . . reasoning applies to any claim to which the *McDonnell Douglas* framework is applicable, and courts have readily applied *Swierkiewicz* to FHA claims."). Thus, "[t]he threshold for pleading discrimination claims under the FHA[] is low." *McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004). Moreover, this liberal pleading standard "contains a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d

PAGE 3 - OPINION AND ORDER

246, 249 (9th Cir. 1997) (internal quotations and citation omitted).

III.     DISCUSSION

24 CFR § 982.615(b)(3) prohibits an individual from receiving Section 8 voucher assistance if the individual lives in a home and is related by blood or marriage to the resident owner.  Notwithstanding this prohibition, the FHA states that "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling" is unlawful discrimination.  *McGary*, 386 F.3d at 1261 (quoting 42 U.S.C. § 3604(f)(3)(B)).  Furthermore, the Ninth Circuit has "repeatedly interpreted this language as imposing an 'affirmative duty' on . . . public agencies to reasonably accommodate the needs of disabled individuals."  *Id.* (citing *Giebeler v. M&B Assocs.*, 343 F.3d 1143, 1146-47 (9th Cir. 2003); *United States v. Cal. Mobile Home Park Mgmt. Co.*, 29 F.3d 1413, 1416 (9th Cir. 1994); *City of Edmonds v. Wash. State Bldg. Code Council*, 18 F.3d 802, 806 (9th Cir. 1994)).  This duty to reasonably accomodate requires public agencies, upon a request for accommodation, to "undertake a fact-specific investigation to determine what constitutes a reasonable accommodation."  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001).  "It is well-settled" that the affirmative duty on public agencies to reasonably accommodate disabled individuals includes "modifying administrative rules and policies."  *McGary*, 386 F.3d at 1264. 24 CFR § 982.306(d), in restating the prohibition found in § 982.615(b)(3), adds that a public housing authority ("PHA") may approve of such a living condition if the "PHA determines that approving the unit would provide reasonable accommodation for a family member who is a person with disabilities."  Similarly, the RA provides that "[n]o otherwise qualified individual

PAGE 4 - OPINION AND ORDER

with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

      A.      Private rights of action under the FHA and RA

In support of its first contention, WCDHS string cites five cases, four of which originate out of the district courts of New York and the fifth from the DC Circuit.[1]  These cases, however, do not support the proposition that the FHA and RA do not provide a private right of action against state or local housing agencies.  In fact, none of them address the ability of a plaintiff to file suit under § 3613 of the FHA, as Mr. Garcia does here, against a public agency or a public housing agency for a failure to accommodate or for other discriminatory housing practices under §§ 3605, 3606, or 3617.  In addition, none of the cases reference the RA at all with regard to private rights of action against housing agencies.  Instead, the holdings deal with the lack of a private right of action (1) against HUD in its capacity as an investigative body, such as in the way it handles discrimination complaints against others, and (2) to enforce § 3608(e)(5) of the FHA, which requires HUD to "administer programs . . . in a manner" that furthers fair housing policies.  Neither of these holdings is relevant to the case at hand.

The relevant case law and statutory provisions, on the other hand, suggest private rights of action against public housing agencies under the FHA and RA.  Under the FHA an "aggrieved person may commence a civil action . . . not later than 2 years after the occurrence or the

---

[1] *Boykin v. Key Corp.*, 2005 WL 711891, at *8 (W.D. N.Y., March 28, 2005); *Weisberg v. Leon*, 1999 WL 1216663, at *2 (S.D. N.Y., December 20, 1999); *Marinoff v. U.S. Dept. of Hous. & Urban Dev.*, 892 F. Supp. 493, 496 (S.D. N.Y. 1995); *Pleune v. Pierce*, 697 F. Supp. 113, 119-20 (E.D. N.Y. 1988); *Godwin v. Sec'y of Hous. & Urban Dev.*, 356 F.3d 310, 312 (D.C. Cir. 2004).

PAGE 5 - OPINION AND ORDER

termination of an alleged discriminatory housing practice" and "if the court finds that a discriminatory housing practice has occurred" it may award actual damages and attorneys' fees. 42 U.S.C. § 3613(a)(1)(A), (c)(1)-(2). The statute defines a "discriminatory housing practice" to include acts unlawful under § 3604 such as the "refusal to make reasonable accommodations in rules [or] policies" for disabled persons. 42 U.S.C. § 3602(f). Furthermore, the Ninth Circuit has held that public agencies have an affirmative duty to reasonably accommodate the disabled. *McGary*, 386 F.3d at 1261. Because this duty, upon a request for accommodation, requires a public agency to "undertake a fact-specific investigation to determine what constitutes a reasonable accommodation," it is reasonable to believe that the express right of action provided for in the statute allows individuals to sue public agencies, including housing agencies, when they refuse to reasonably accommodate the disabled. Moreover, there is no language to the contrary, in the FHA or case law, that would suggest public housing agencies are exempt from suit when they engage in discriminatory housing practices.

Likewise under the RA "[t]he remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964 . . . shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance . . . under section 794 of this title." 29 U.S.C. § 794a(a)(2). Because it is "beyond dispute that private individuals may sue to enforce § 601" of Title VI, private individuals may also sue to enforce the RA.[2] *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). Moreover, there is no language, in the RA or case law, suggesting public housing

---

[2] Section 601 of Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

PAGE 6 - OPINION AND ORDER

agencies, as recipients of federal financial assistance, are exempt from suit when they engage in discrimination against the disabled. As a result, WCDHS's argument that Mr. Garcia's claims should be dismissed because the FHA and RA do not provide for a private right of action against public housing agencies is incorrect and the claims should not be dismissed for that reason.

B.  Public housing agencies power or authority to accommodate the disabled

WCDHS claims that as a public housing agency, it has no power, authority, or discretion to decline to follow HUD regulations, directives, or determinations. Thus, once HUD directed WCDHS to terminate Mr. Garcia's assistance and declined Mr. Garcia's request for accommodation, WCDHS was powerless to accommodate Mr. Garcia's disability. WCDHS also argues that there is no statutory requirement that WCDHS recommend to HUD that it grant a Section 8 recipient's request for accommodation of a disability. This argument, however, fails.

WCDHS has an independent duty to "undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." *Duvall*, 260 F.3d at 1139. This duty does not necessarily entail an administrative waiver or require WCDHS to decline to follow HUD regulations, directives, or determinations. Rather, it does require WCDHS to modify its own rules and policies if necessary to reasonably accommodate a disabled individual or, in the alternative, to determine whether there are any other ways to accommodate him. In other words, there is no conflict between the requirement that PHAs comply with HUD regulations and the affirmative duty they have to accommodate the disabled. Actions taken to hinder accommodation are in direct contrast to the affirmative duties placed on public agencies by FHA requiring them to reasonably accommodate the needs of disabled individuals.

C.  The sufficiency of the complaint

Because WCDHS's legal arguments for dismissal for a failure to state a claim have failed, Mr. Garcia's claim should only be dismissed if "it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief." *Knevelbaard Dairies*, 232 F.3d at 984 (internal quotation omitted). Here, that is not the case. Mr. Garcia has valid claims against WCDHS under both the FHA and the RA. Under the FHA, Mr. Garcia claims unlawful discrimination because WCDHS failed to make a reasonable accommodation in its "rules [or] policies" to enable Mr. Garcia to live with his brother in his brother's home. 42 U.S.C. § 3604. Under the RA, Mr. Garcia claims unlawful discrimination because he has been excluded from participation in the Section 8 voucher program because of his disability. Moreover, Mr. Garcia complains that WCDHS sent letters to HUD recommending Mr. Garcia's request for accommodation be denied and failed to comply with its affirmative duty to make a fact-specific investigation in order to determine what would constitute a reasonable accommodation for Mr. Garcia. In "presum[ing] all factual allegations of the complaint to be true and draw[ing] all reasonable inferences in favor of the nonmoving party" this court finds that Mr. Garcia's complaint is sufficient to state a claim. *Usher*, 828 F.2d at 561.

Finally, because the FHA and the RA have damages provisions that include attorney fees, this court denies WCHDS's motion to strike.

IV.  CONCLUSION

In this case, WCDHS's legal argument that the FHA and RA do not provide a cause of action against public housing authorities is incorrect. Equally unavailing is its argument that it should be dismissed from the suit because has no power, authority, or discretion to decline to

PAGE 8 - OPINION AND ORDER

follow HUD regulations, directives, or determinations, and thus is not responsible for any possible discrimination against Mr. Garcia. Consequently, this court denies WCHDS's motion to dismiss and motion to strike.

IT IS SO ORDERED.


DATED this <u>  31st  </u> day of <u>     March     </u>, 2006.

                                      <u>/s/ Michael W. Mosman                    </u>
                                      MICHAEL W. MOSMAN
                                      United States District Court